**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

_Mary Ann Whipple_
United States Bankruptcy Judge

**Dated: February 13 2012**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 11-30364 |
| | Chapter 7 |
| Rickey L. Pollard and Robbin L. Pollard, | |
| | Adv. Pro. No. 11-3094 |
| Debtor(s). | |
| | Hon. Mary Ann Whipple |
| Fatbottom Productions, LLC, | |
| Plaintiff(s), | |
| v. | |
| Rickey L. Pollard, | |
| Defendant(s). | |

### MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court upon Plaintiff's "Complaint to Determine Dischargeability of Debt" ("Complaint") [Doc. #1]. Defendant Rickey L. Pollard ("Defendant" or "Pollard") is one of the joint debtors in Chapter 7 Case No. 11-30364 in this court. Plaintiff is a creditor of Defendant pursuant to a state court judgment entered before Pollard commenced his Chapter 7 bankruptcy case in this court.

On July 27, 2011, the Clerk issued an alias summons and notice of pre-trial conference [Doc. # 6]. The return on service [Doc. # 10] shows that the alias summons and Complaint were timely served on Defendant in South Carolina by personal service. Fed. R. Bankr. P. 7004(b); Fed. R. Civ. P. 4(e)(2)(A). The alias summons required an answer or other response to the Complaint to be filed by August 26, 2011.

On August 30, 2011, the court held a further pre-trial scheduling conference on the Complaint. Attorney for Plaintiff appeared by telephone. There was no appearance by or on behalf of Defendant at the pretrial conference and no answer or other response to the Complaint had been filed and served. The Clerk accordingly entered Defendant's default on the Complaint [Doc. ## 13, 14]. Plaintiff filed its Motion for Default Judgment ("Motion") [Doc. # 16]. The Motion was served by first class United States mail on Defendant both at the address in his petition and at an address at which he was located in South Carolina. The Clerk scheduled a hearing on the Motion and notice of this hearing was also properly served on Defendant by first class mail sent to both the address in his petition and the South Carolina address. [Doc. ## 17, 18].

On October 18, 2011, the court held an evidentiary hearing on the Motion. Attorney for Plaintiff appeared in person at the hearing. There was no appearance by or on behalf of Defendant. A review of the record shows that no answer or other response to the Complaint or Motion has been filed. Karla L. Lewis, a member and officer of Plaintiff, certified in an Affidavit filed with the Motion that Defendant is not in the military service of the United States, complying with the Servicemembers Civil Relief Act. [Doc. # 16-1]. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's Motion will be **GRANTED.**

The legal basis stated by Plaintiff for its Complaint is 11 U.S.C. § 523(a)(4),[1] which provides that a debt incurred under certain circumstances involving misappropriation shall be excepted from a debtor's bankruptcy discharge. The debt in issue is based on a state court judgment in the amount of $29,655.00 plus court costs and attorney fees to be determined. The district court has jurisdiction over the Debtors' underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all related proceedings, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the alias summons and Complaint pursuant

---

[1] Although Plaintiff has not identified § 523(a)(6) as an alternative statutory basis for its nondischargeability cause of action, the evidence may also support an exception from discharge thereunder for a "willful and malicious injury." Having found below that Plaintiff is entitled to have the debt determined by the state court excepted from discharge under § 523(a)(4), the court need not apply a § 523(a)(6) analysis to the record before it.

2

to Fed. R. Bankr. P. 7004(b) and Fed. R. Civ. P. 4(e)(2)(A) incorporated therein, has been duly and properly been served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the court to the address in the Chapter 7 petition and the South Carolina address has been returned. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

In order to except a debt from discharge under a subsection delegated to the bankruptcy court to determine by § 523(c), a plaintiff a creditor must prove each of the elements of the cause of action by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 291 (1991); *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). Exceptions to discharge are to be strictly construed against the creditor. *Rembert*, 141 F.3d at 281. A debtor's intent to defraud a creditor under is measured by a subjective standard and must be ascertained by the totality of the circumstances of the case at hand. *Id.* A finding of fraudulent intent may be inferred on the basis of circumstantial evidence or from the debtor's "course of conduct," as direct proof of intent will rarely be available. *Hamo v. Wilson (In re Hamo),* 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999).

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9--*10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. Of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001). Where the claim sounds in fraud, the court must evaluate the evidence presented to assure that the plaintiff has presented a prima facie case. *In re Truong*, 271 B.R. at 742.

In this proceeding, neither the Complaint nor the state court judgment were detailed enough to enable the court to find that Plaintiff had established its cause of action for nondischargeability under § 523(a)(4). In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, which applies in this adversary proceeding pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure, the court conducted an evidentiary hearing on the Motion at which Karla Lewis testified and exhibits were offered and admitted to substantiate and establish Plaintiff's cause of action against Defendant.

3

Under § 523(a)(4), a debt is excepted from discharge if it is a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The Sixth Circuit has adopted a narrow interpretation of "fiduciary" as used in § 523(a)(4). *R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 179 (6th Cir. 1997). In order to trigger the fraud or defalcation provision in that subsection, a debtor must hold funds in a trust for the benefit of a third party. *Id.*

The averments of the Complaint, the findings in the state court judgment [Hearing Ex. D], and the additional evidence in the record, including the Lewis testimony and the operating agreement for Plaintiff [Hearing Ex. B], do not establish the requisite fiduciary relationship, which "turn[s] on the existence of a pre-existing express or technical trust whose res encompasses the property at issue." *Commonwealth Land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir.2005). Although an ordinary agency-principal relationship can involve fiduciary duties, such a relationship standing alone is insufficient to establish the type of fiduciary duty contemplated by § 523(a)(4). *Id.* (stating that "the mere failure to meet an obligation while acting in a fiduciary capacity does not rise to the level of defalcation" under § 523(a)(4)). The terms of the operating agreement provide general obligations of good faith and limitations on entitlement to distributions, but do not establish the narrow type of "fiduciary" trust relationship required by the Sixth Circuit in *Garver*.

Debts may also be nondischargeable under the embezzlement or larceny provision of § 523(a)(4), for which there is no requirement to prove fiduciary capacity. *See Peavey Electronics Corp. v. Sinchak (In re Sinchak)*, 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990) (stating the element of "fiduciary capacity" in § 523(a)(4) refers only to "fraud or defalcations" and need not be present where embezzlement is the exception relied upon). The Sixth Circuit defines embezzlement for purposes of § 523(a)(4) as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). A creditor proves embezzlement by establishing that (1) he entrusted his property to the debtor or debtor lawfully obtained the property, (2) the debtor appropriated the property for a use other than that for which it was intended, and (3) the circumstances indicate fraud. *Id.* at 1173. For purposes of § 523(a)(4), larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 165-66 (Bankr. N.D. Ohio 2003) (citing *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke)*, 212 B.R. 375, 381 (Bankr. D. Kan. 1997)). Embezzlement differs from larceny only in that

4

the original taking was lawful but an embezzlement of that property then occurred.

The court finds that Plaintiff has proven a cause of action for exception of the state court judgment from Defendant's bankruptcy discharge based on the embezzlement exception of § 523(a)(4). The Lewis testimony and the state court judgment entry both establish that the identified contract and receivable proceeds of $9,855.00 that came into Pollard's possession rightfully belonged to Plaintiff, establishing the first element of the cause of action. Lewis's testimony and the state court judgment establish that the funds were never contributed to the operations or accounts of Plaintiff, but retained by Pollard for his own uses and purposes. Further, the operating agreement prohibits distributions to members prior to termination of the company, eliminating any argument that Pollard was entitled to retain the funds as a membership distribution. Plaintiff has therefore established the second element of the cause of action that Defendant appropriated the $9,855.00 for a use other than that for which it was intended. Lastly, the findings in the state court judgment that Defendant "intended to defraud the Plaintiff" and that Defendant's actions were "malicious, aggravated and egregious in nature" establish the third element of the cause of action that "the circumstances indicate fraud."

Plaintiff has established that Defendant has incurred a debt to it that is non-dischargeable under § 523(a)(4). The prayer for relief in the Complaint also requests that the court enter a federal money judgment against Defendant on account of that debt. The court will respectfully decline that request. The Sixth Circuit authorizes bankruptcy courts to enter money judgments in actions seeking to except debts from discharge. *Longo v. McLaren (In re McLaren)*, 3 F.3d 958, 966 (6th Cir. 1993). Averments in a complaint respecting damages are not necessarily entitled to the same presumption of truthfulness upon default as other averments. *Au Bon Pain Corp.,* 653 F.2d at 65. In this instance, however, the state court has already entered a liquidated judgment in the amount of $29,655.00, which includes both compensatory and punitive damages, plus court costs and attorneys fees yet to be determined. The court does not find it necessary or appropriate in this adversary proceeding to enter a separate or additional federal money judgment on the Complaint. Rather the court will enter its judgment finding that the state court judgment is excepted from Defendant's discharge. The Supreme court held in *Cohen v. De La Cruz*, 523 U.S. 213 (1998), that any liability that arose from the underlying debtor misconduct was nondischargeable, including in that action under § 523(a)(2) actual damages, treble damages, punitive damages, attorney's fees and court costs. And so it is in this proceeding as well, with all amounts determined or to be determined by the state court, including attorney's fees yet to be liquidated, excepted from Defendant's

Chapter 7 bankruptcy discharge.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 16] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED.**